McFaelan:d, J.,
delivered tlie opinion of tke court:
An execution in favor of tke plaintiff, against Gr. K. Brandeau, issued by a justice of tke peace, was levied upon certain land of tke defendant, including liis residence, subject, as tke levy skows, to tke komestead exemption. Tke papers were returned to tke circuit court, and a judgment of condemnation in tke usual form, entered.
After tke deatli of Brandeau was suggested, and scire facias awarded against kis widow and administratrix and lieirs, to sliow cause wky tke judgment sliould not be revived, tke widow and administratrix pleaded tke komestead exemption for kerself and ckildren, and also ker rigkt to dower in one-tkird of what may remain of ker kusband’s real estate, after setting apart tke ko-mestead, wliicli tke plea says will take all tke land levied on in this instance, as ker kusband died seized and possessed of o-tker lands. Tke keirs, wlio are minors, by tkeir guardians ad litem, plead tkeir rigkt to tke komstead exemption.
Tke plaintiff filed a demurrer to tke pleas, but tke court, *49 without acting upon the demurrer, adjudged that plaintiffs were not entitled to a revivor, and dismissed the scire facias, and the plaintiffs have appealed. The right of the widow and minor children to the homestead is not controverted. The statute provides the manner in. which it shall he set apart, that the balance may be sold. The widow’s right to dower is controverted, but we hold that she is clearly entitled to if. This court has [in the case of Rose v. Rose, 6 Heis., 533] overruled the case of Harrell v. Harrell, 4 Cold. [377], which held that the widow was entitled to dower when the land was levied on and sold in her husband’s lifetime, bub-no deed made until after his death; but we think it has never been held that the widow’s right to dower is defeated by a mere levy, or levy and condemnation, without sale in the husband’s lifetime; such levies only create a lien on the land, but do not divest the title, and may never be enforced by a sale. In such case, the husband dies seized and possessed of the land, and the widow’s right to dower is superior to the lien of a judgment or execution. It was so decided in Rutherford v. Read, 6 Hum., 423, and the right to dower has been enlarged rather than abridged since that time.
JBut the court erred in dismissing the scire facias. The truth of the widow’s plea that the whole of the land outside of the homestead, would be covered by her dower, was not established, and besides, we suppose the reversion in fke dower lands might be sold under the execution; whether that part covered by the homestead can be sold, subject to the homestead right, we do' not, at present, decide. [It has since been decided that the reversion or remainder in the homestead land may be sold to' pay the owner’s debts. See note 18 under sec. 3808 of the Code, and notes under sec. 3806.] And, besides, if the plaintiffs .shall not he entitled to a revivor of the judgment of condemnation as to any part of the land, they may take the *50 propei’ steps to revive against the administratrix, and have execution, as the whole case is removed from the justice to the circuit court. Code, sec. 3076 [Shannon’s Code, sec. 4804.].
The judgment is reversed, and the case remanded.